Yongmoon Kim, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff, on behalf of herself
and those similarly situated*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELIZABETH JUN, *on behalf of herself and those similarly situated,*<br><br>                Plaintiff,<br><br>       vs.<br><br>ARS NATIONAL SERVICES, INC. and JOHN DOES 1 to 10,<br><br>                Defendants. | Civil Action No.<br><br><br><br>**<u>CLASS ACTION COMPLAINT</u>** |

Plaintiff, Elizabeth Jun, individually and on behalf of all others similarly situated, by way of Complaint against Defendant, ARS National Services, Inc. and John Does 1 to 10, says:

### I.    NATURE OF THE ACTION

1.    This action for damages arises from a collection agency's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

### II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

### III.   PARTIES

4. Plaintiff, Elizabeth Jun ("Jun"), is a natural person residing in Bergen County, New Jersey.

5. Defendant, ARS National Services, Inc. ("Defendant" or "ARS") is a collection agency with an office located at 201 West Grand Avenue, Escondido, CA 92025.

6. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV.   FACTS

7. ARS is not in the business of extending credit, selling goods or services to consumers.

8. ARS regularly collects or attempts to collect debts that are past due.

9. ARS regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

10. ARS is in the business of collecting debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

11. ARS uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

12. ARS is a collection agency.

13. ARS has asserted that Plaintiff allegedly incurred or owed a certain financial obligation to Citibank, N.A. ("Debt" or "Account").

14. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

15. The Account was assigned to Defendant for collection.

16. ARS contends that the Account is past due and in default.

17. The Account was past due and in default at the time it was placed with or assigned to ARS for collection.

18. In an attempt to collect the Debt, ARS mailed a collection letter to Plaintiff on November 12, 2014 ("ARS Letter").

19. A true copy of the ARS Letter, but with redactions, is attached as **Exhibit A**.

20. Plaintiff received and reviewed the ARS Letter.

21. The ARS Letter was mailed using a window envelope.

22. Being sent in a window envelope, the barcode immediately below the return address was visible through the window of the envelope.

23. Being sent in a window envelope, the barcode containing the account number associated with the Debt was visible through the window of the envelopes.

24. Barcodes are easy to create and scan; and its use is widespread throughout the world.

25. The information in the barcode, i.e., the account number associated with the Debt, can be easily accessed by smartphones using free applications, such as the *Barcode Scanner* which has over 100 million downloads,[1] or other readily available consumer electronic devices.

26. Anyone can easily scan the barcode and access Plaintiff's personal account number.

---

[1] https://play.google.com/store/apps/details?id=com.google.zxing.client.android

27. The account number exposed are personal identifying information and its disclosure has the potential to cause harm to the consumer.

28. Defendant could have easily taken measures to prevent the barcode containing the account number from being visible through the window envelope but chose not to do so.

29. Defendant has recklessly availed Plaintiff's personal identifying information to the public.

30. The FDCPA prohibits a debt collector from "[u]sing **any language or symbol**, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."  15 U.S.C. § 1692f(8) (emphasis added).

31. Unlawfully exposing the barcode containing the account number associated with the Debt violates the FDCPA because it is impermissible language or symbols under § 1692f(8) which has the potential to cause harm to a consumer. *See Douglas v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) (account number visible through the glassine window of the envelope violated the FDCPA); *Sungsoo Park v. ARS Nat'l Servs.*, No. 15-02867-SDW-SCM, 2015 U.S. Dist. LEXIS 147171, at *11 (D.N.J. Oct. 30, 2015) ("this Court cannot draw a meaningful distinction between the FDCPA's application to account numbers, as in *Douglass*, and to barcodes *containing* account numbers, as in the instant case."); *In re ACB Receivables Mgmt.*, No. 14-cv-6418-FLW-LHG, 2015 U.S. Dist. LEXIS 119812 (D.N.J. Sept. 9, 2015) ("the law in this Circuit undoubtedly is that the mere display of an account number violates § 1692f(8)."); *Kostik v. ARS Nat'l Servs.*, No. 3:14-CV-2466, 2015 U.S. Dist. LEXIS 95230 (M.D. Pa. July 22, 2015); *Styer v. Prof'l Med. Mgmt., Inc.*, No. 3:14-CV-2304, 2015 U.S. Dist. LEXIS 92349 (M.D.

Pa. July 15, 2015) (mere disclosure of the barcode containing the debt collector's account number through the window envelope violates the FDCPA).

32. ARS used the same procedures it used in sending the ARS Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

33. During the period from one year before Plaintiff's Complaint was filed to the present, ARS sent letters the same or similar to the ARS Letter in window envelopes to numerous New Jersey consumers in an attempt to collect a debt.

34. It is ARS's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which unlawfully exposed the recipients' sensitive account numbers to the public.

## V. CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

37. Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All consumers residing in the State of New Jersey, to whom Defendant sent a collection letter in the same or similar form as Exhibit A; which letter (a) was dated within one year prior to November 11, 2015, (b) was seeking to collect a consumer debt allegedly owed to Citibank, N.A., and (c) was sent in a windowed envelope such that the barcode containing the account number associated with the debt was visible from outside the envelope.

38. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

39. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

40. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether ARS is a debt collector under the FDCPA;

    B. Whether ARS violated 15 U.S.C. §§ 1692f and 1692f(8) by exposing the barcode containing the account numbers associated with the debts through the window envelopes when sending written collection communications; and

    C. Whether Plaintiff and the Class are entitled to statutory damages.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

42. Plaintiff's claims are typical of the claims of the members of the Class.

43. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

44. Plaintiff does not have interests antagonistic to those of the Class.

45. The Class, of which Plaintiff is a member, is readily identifiable.

46. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer and other complex litigation, and claims of the type asserted in this action.

47. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

48. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

50. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

51. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

52. The Debt is consumer "debt" as defined by 15 U.S.C. § 1692a(5).

53. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

54. ARS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

55. The ARS Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

56. The letters, which are the same or similar in form to Exhibit A, sent by ARS to other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

57. Defendant's use of the written communications in the form attached as Exhibit A sent to Plaintiff and those similarly situated, violated the FDCPA in one or more of the following ways:

    a. ARS used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f; and

    b. ARS used any language or symbol, other than debt collector's address, on the envelope when communicating with a consumer by use of the mails, in violation of 15 U.S.C. § 1692f(8).

58. The violations of the FDCPA described herein constitute *per se* violations.

59. Based on any one or more of those violations, ARS is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Elizabeth Jun, on behalf of herself and others similarly situated, demands judgment against Defendant, ARS National Services, Inc. as follows:

    A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

    B. For maximum statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

    C. For maximum statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.  For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.  For pre-judgment and post-judgment interest; and

F.  For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                                        KIM LAW FIRM LLC

                                                        *s/ Yongmoon Kim*
                                                        Yongmoon Kim, Esq.
                                                        *Attorneys for Plaintiff on behalf of herself*
                                                        *and those similarly situated*

Dated: November 11, 2015